UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| MARCUS ARRINGTON, | : | UNDER SEAL |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INDICTMENT AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
<u>MOTION TO SEAL AND ALL RELATED MATTERS</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal indictment, and bench warrants, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendants in this case are targets of a long-term criminal investigation involving the distribution of phencyclidine. The sealing is necessary because the Indictment, and bench warrants, and the motion to seal contain sensitive information, and disclosure of which would not be in the interest of the government or the public.

Law enforcement believes some of the defendants are aware that they are under investigation but are not sure of the full scope of the investigation. Public disclosure of the indictment and bench warrant may hinder law enforcement's efforts in apprehending the defendants, and may also endanger law enforcement personnel. Accordingly, it is essential that any information concerning these defendants be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Indictment would likely compromise the criminal investigation by (1) placing the personal safety of the undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting the defendants of the investigation; and (3) causing the defendants and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the criminal Indictment, the bench warrant and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, it is respectfully requested that this motion be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    D.C. Bar # 451058
    United States Attorney

    _____

    VINCENT CAPUTY
    ASSISTANT UNITED STATES ATTORNEY
    Organized Crime and Narcotics Trafficking Section
    D.C. Bar No. 362-341
    555 4th Street, N.W., Room 4215
    Washington, D.C. 20503
    (202) 514-6972