UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCUS LAMONT ARRINGTON,<br>                              Defendant. | Criminal No. 05-233 (HHK) |

**DETENTION MEMORANDUM**

The Defendant, Marcus Arrington, has been charged by indictment with unlawful, knowing, and intentional distribution of Phencyclidine, commonly known as PCP, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). The government requested a detention hearing, which was held on November 14, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer. The Government alleges that

the Defendant sold PCP to a confidential police informant on two occasions in the fall of 2003. According to the government, on September 12, 2003, Defendant sold 23 mL to a confidential informant for $450 in a tape recorded exchange in the parking lot of the old Hechinger mall on 17th and Maryland Ave. The Defendant allegedly sold 87 mL of PCP to the same informant at the same location on Oct. 2, 2003. Finally, according to the government, a search of the Defendant's home in Oct. of this year recovered significant amounts of PCP.

At the time the alleged offenses took place, the Defendant was on parole from a 1992 conviction for assault with intent to kill. He served ten years and was released in 2002. The Defendant was indicted in June 2005, nearly two years after the alleged drug buys took place. The government asserts that the delay was necessary to preserve the usefulness of the confidential informant.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the

community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with selling PCP, a drug that, in just one hit, can cause paranoia, delusion, and other schizophrenic-like symptoms.  Persons high on PCP are often a danger to themselves and others. High doses of PCP can cause seizures, coma and death.

The second factor, the weight of the evidence, also favors detention. The government asserts that it has audio and video recordings of the Defendant selling PCP to a confidential informant.  The government also allegedly seized significant quantities of PCP from the Defendant's home.

The third factor, the history of the Defendant, supports pretrial detention.  According to the government, the Defendant engaged in drug trafficking within a year after he was released on parole. Defendant's refusal to abide by the law after serving a ten-year sentence leads this Court to believe that setting even stringent conditions of release or pretrial supervision would likely be futile.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  The Defendant's failure to abide by an earlier court's

release conditions, along with the current charges before this Court, involving the highly dangerous drug PCP, demonstrate that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that drug trafficking is an offense that tears the very fabric of our community.

### **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: November _15th_, 2005         ____/s/_____
                                     ALAN KAY
                                     UNITED STATES MAGISTRATE JUDGE