UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-233 (HHK) |
| | : | |
| MARCUS ARRINGTON, | : | |
| | : | |
| Defendant | : | |

## SENTENCING MEMORANDUM

On June 16, 2005, a two-count indictment was filed by a federal grand jury charging the defendant with two Counts of Unlawful Distribution of Phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Almost five months later on November 3, 2005, Mr. Arrington was arrested on these charges and brought before Magistrate Judge Kay. On January 27, 2006, Mr. Arrington pled guilty to Count Two of the Indictment pursuant to a written plea agreement. In that agreement, the government agreed to allocute for a sentence at the low end of the guideline range and further agreed that Mr. Arrington should receive acceptance of responsibility points pursuant to U.S.S.G. § 3E1.1. The government also acknowledged that the defendant would file a motion to depart on the grounds that the defendant's criminal history category overstated the seriousness of his actual criminal history. Mr. Arrington will appear before this Honorable Court for sentencing on March 20, 2006. Mr. Arrington, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a reasonable sentence.

## ARGUMENT

According to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Mr. Arrington's total offense level is 23. See PSR ¶ 23, page 5. The

Probation Office calculates a total of 6 criminal history points, establishing a criminal history category of III.  See PSR ¶ 29, page 7.  Therefore, the Probation Office calculates Mr. Arrington's guideline range to be from 57 to 71 months.  See PSR ¶ 68, page 12.  The defense submits that a departure is appropriate because the criminal history category drastically overstates Mr. Arrington's threat to society and the seriousness of his actual criminal history.

**A.     The Court Should Sentence Mr. Arrington to a Period of Incarceration Which is Less Than the 57-71 Months Guideline Range in Order to Account for his Overstated Criminal History**

Under the Sentencing Guidelines, when a "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," a downward departure is warranted.  See U.S.S.G. § 4A1.3.  See also United States v. Beckham, 968 F.2d 47, 53-54 (D.C. Cir. 1992) (recognizing downward departure where accused criminal history over-represents the seriousness of past criminal conduct and the likelihood of recidivism).  In addition to the guideline provision, this Court can also consider as a mitigating factor a minimal prior record even if the Court does not determine that the prior record rises to the level of over-representation under § 4A1.3.  See 18 U.S.C. § 3553(a).

In determining whether to grant a downward departure under U.S.S.G. § 4A1.3, courts should compare the defendant' criminal history with others who occupy the same criminal history category.  See U.S.S.G. § 4A1.3.  When making a comparison in the instant case, it is clear that the Criminal History Category of III assigned to Mr. Arrington significantly over-represents the seriousness of his criminal history.  Mr. Arrington has one felony conviction that result in a subtotal criminal history score of three.  See PSR ¶ 26, page 6.  However, two criminal

history points were added pursuant to U.S.S.G. § 4A1.1(d), in light of the fact that this instant offense occurred while Mr. Arrington was on parole; in addition to one additional criminal history point being added pursuant to U.S.S.G. § 4A1.1(e) in light of the fact that the instant offense occurred less than two years following Mr. Arrington's release from custody. See PSR ¶ 28 & 29, page 7.

Clearly, this prior conviction and the additional criminal history points assessed against Mr. Arrington in light of the fact that the instant offense occurred less than two years following his release from custody, substantially over-represent the seriousness of Mr. Arrington's criminal history. Individuals with prior convictions for multiple serious violent felonies and/or multiple controlled substance offenses are placed in Criminal History Category III. Because Mr. Arrington's prior criminal history include only one felony, he is not similarly situated with other persons who have been identified with a criminal history category of III. Therefore, Mr. Arrington should be sentenced in accordance with, at a minimum, Criminal History Category II, which more accurately correlates to his involvement with the criminal justice system. Alternatively, if this Court does not determine that Mr. Arrington's prior record rises to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Mr. Arrington under § 3553(a)(1).

B.  **Should the Court find that Mr. Arrington's prior record does not rise to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Mr. Arrington under § 3553(a)(1)**

In addition to the request for a downward departure based upon the theory of over-representation of Mr. Arrington's criminal history, the factors identified in 18 U.S.C. § 3553(a) support Mr. Arrington's request that he be sentenced to a term of incarceration below the U.S.

3

Probation Office's calculation of his guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

When considering the characteristics of Mr. Arrington which include his criminal history,

the Court should consider that Mr. Arrington has only one prior conviction.  However, Mr. Arrington has been assessed six criminal history points thereby placing him into Criminal History Category III.

Sentencing Mr. Arrington in accordance with a Criminal History Category of II is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Arrington with needed educational or vocational training and medical care."  See 18 U.S.C. § 3553(a).

**C.    Other Factors of Mr. Arrington that the Court Should Consider under § 3553(a)(1)**

*I.    Nature of the Offense*

While Mr. Arrington in no way wishes to diminish the seriousness of the offense, he notes that his offense conduct occurred in the Fall of 2003 and were isolated incidents.  Mr. Arrington was not charged with these offenses until the indictment was unsealed in June 2005.  The government has not presented any evidence to suggest that Mr. Arrington engaged in any other PCP distributions than those charged in the indictment, September 2003 and October 2003.  Mr. Arrington asks the Court to consider the timeline and circumstances surrounding the offense conduct when imposing its sentence.

*II.    Characteristics of the Defendant*

As set forth in the PSR, Mr. Arrington is a 35-year-old man who had been gainfully employed for three years prior to his arrest in this case as a counselor for the Psychiatric Institute

of Washington. As evidenced by the attached letters from his co-workers,[1] Mr. Arrington's commitment to assisting and counseling trouble adolescents is extraordinary. Mr. Arrington has an extremely strong commitment to helping troubled adolescent in addition to a strong work ethic. As soon as he was released from custody in 2002, Mr. Arrington sought out employment whereby he could give back to the community by helping and counseling troubled adolescents who may have or had similar experiences as did Mr. Arrington. Mr. Arrington's presence at the Psychiatric Institute of Washington is sorely missed, not only by his colleagues but also by those very children in which he was helping. Notwithstanding his involvement in the instant offense, Mr. Arrington is still very much committed to giving back to the community by maintaining his commitment to helping those in need.

## Conclusion

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Arrington respectfully submits that a sentence below the calculated guideline range of 57 to 71 months is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

/s/
_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

---

[1] Eight letters from Mr. Arrington's co-workers are attached to this memorandum, including a letter from the Director of Child and Adolescent Psychiatry at the Institute - Dr. Stephen Xenakis.