UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-233 (HHK) |
| | : | |
| v. | : | |
| | : | |
| MARCUS ARRINGTON | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant's Sentencing Memorandum. Defendant's motion misrepresents the defendant's true threat to society and the seriousness of his actual criminal history, in that it completely disregards the extent of his drug dealing activity - - the circumstances of which were revealed at the time of his arrest.

The defendant was charged by indictment with two counts of Distribution of Phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), in connection with two sales of phencyclidine in the fall of 2003. On January 27, 2006, the defendant pled guilty to one count of Distribution of Phencyclidine, and admitted to the relevant conduct encompassed by the other count. Sentencing in this matter is scheduled for April 20, 2006. On April 18, 2006, the defendant filed a Sentencing Memorandum asserting that the Court should depart from the applicable guideline range. The government opposes any downward departure in this matter.

Defendant argues that his criminal history is overstated, and that this Court should depart downward pursuant to U.S.S.G. § 4A1.3. In the alternative, defendant argues that the Court should consider the "extremely minimal record of Mr. Arrington under § 3553(a)(1)." Def. Mem. at 3. In so doing, the defendant asserts that his offense conduct in the case now before the

1

Court "were isolated incidents." Id.  However, as defendant is well aware, that is simply not the case.

On November 3, 2005, members of the United States Marshal Service's Fugitive Task Force (the "Task Force") responded to 4407 Covington Street, Apartment 201, in Suitland, Maryland.  The Task Force responded to that location in search of the defendant.  The defendant was located in the apartment and placed under arrest pursuant to an arrest warrant.  Task Force members asked the defendant if there were any firearms or drugs in the residence.  The defendant responded that there were drugs on the kitchen counter.  Task Force members responded to the kitchen, where they observed 4 plastic bags containing a substance which field tested positive for phencyclidine.  The defendant was again asked if there were any additional drugs in the residence, and he responded that there were more in the freezer.  Task Force members removed a metal coffee can that contained 9 plastic bags that contained 206 smaller plastic bags, which contained a substance that field tested positive for phencyclidine.  Task Force members also recovered from the freezer two glass pickle jars containing suspected phencyclidine residue and three small glass vials containing suspected phencyclidine residue.  The Task Force officers also recovered drug processing paraphernalia in the form of inositol, mannitol, baking soda, quinine, numerous plastic bags, razor blades, and dust masks, as well as four glass vials containing a substance that field tested positive for heroin, and a small plastic bag containing a substance that field tested positive for marijuana.[1]

---

[1] Attached to this Memorandum as Exhibit A is the Report of Investigation regarding the defendant's November 3, 2005 arrest, which was provided to defense counsel via facsimile on December 20, 2005.  The government is also prepared to present evidence in the form of testimony from a Task Force officer who participated in the arrest.  However, the necessary witness will not be available on April 20, 2006, so if the Court wishes to hear from this witness,

Under these circumstances, it is disingenuous for the defendant to assert that his two sales of phencyclidine in Washington, D.C. in the fall of 2003 represent "isolated incidents." Def. Mem. at 5. As the defendant points out, pursuant to 18 U.S.C. § 3553(a), the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." However, the defendant may not pick and choose which portions of his drug dealing history may be considered by this Court. If a defendant makes an argument such as the one he has made, then it is important that the Court consider the defendant's true "history," as opposed to the incomplete version presented by the defendant.

Wherefore, the government respectfully requests that the Court deny defendant's request for a downward departure, and instead sentence the defendant to 57 months of incarceration.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

---

By: Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

---

the government will request a brief continuance of the sentencing hearing.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Dani Jahn, Esquire, this 19th day of April, 2006.

_____
Catherine Connelly
Assistant United States Attorney